**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Alberto GARCIA, Defendant–Appellant.**

No. 00–10062.

D.C. No. CR–99–00305–JBR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided Jan. 5, 2001.

Before KLEINFELD, HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM [1]

Alberto Garcia appeals his conviction and sentence, after a jury trial, for one count of distributing a controlled substance. Garcia argues that the district

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court erroneously refused to give his requested instruction on entrapment, and that the district court erroneously refused to give him a minor role reduction under the Sentencing Guidelines. We agree that Garcia was entitled to an entrapment instruction.

■ A defendant is entitled to an entrapment instruction if he presents "some evidence that (1) a government agent induced him or her to commit an illegal act that (2) he or she was not predisposed to commit." *United States v. Sotelo–Murillo,* 887 F.2d 176, 179 (9th Cir.1989). Only "slight evidence" is needed to get this issue to a jury, and the evidence can be "weak, insufficient, inconsistent, or of doubtful credibility." *Id.* at 179, 178 (internal quotation omitted).

In *United States v. Kessee,* 992 F.2d 1001 (9th Cir.1993), the defendant participated in a cocaine sale to an undercover informant, making the introductions and arranging the sale on the telephone. *Id.* at 1002. The defendant contended that he only agreed to participate after "repeated entreaties" from undercover officers, and because he needed the money such a sale would provide. *Id.* at 1004. Although Kessee's credibility was significantly weakened on cross-examination (he retracted a previous admission of participation in over fifty prior narcotics deals), *id.* at 1003–04, we reversed the trial court's denial of Kessee's requested entrapment instruction, holding that he was entitled to present an entrapment defense. Although the "trial judge's skepticism" of Kessee's story was "certainly well-founded," the "burden was on the government to prove beyond a reasonable doubt that it did not induce Kessee to break the law, or that he was predisposed to break the law as he did before being approached by government agents." *Id.* at 1005. The government's evidence made Kessee's account "unlikely," but it did not rebut the evidence of entrapment "to such an extent that no rational jury could entertain a reasonable doubt as to either element." *Id.* (internal quotation omitted).

■ The evidence in this case, as in *Kessee,* meets this low standard and entitles Garcia to an entrapment instruction. Garcia's evidence that he had no prior convictions for narcotics, and that a search of his apartment revealed no narcotics is "some evidence" that he was not predisposed to commit narcotics offenses. Garcia's testimony about repeated phone calls from undercover officers, so frequent that he would instruct his friends to tell callers he was not at home, and his need for money is "some evidence" of inducement. *See, e.g., Sorrells v. United States,* 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932) (holding that entrapment defense was warranted when officers engaged in "repeated and persistent solicitation"); *United States v. Poehlman,* 217 F.3d 692, 701 (9th Cir.2000) (stating that inducement can consist of "excessive pressure by the government"); *Kessee,* 992 F.2d at 1004 (holding that defendant's testimony of "repeated entreaties" and economic need raised inducement issue).

*United States v. Garza–Juarez,* 992 F.2d 896, 909 (9th Cir.1993), which dealt with entrapment as a matter of law, does not apply here.

Since we resolve the entrapment issue in appellant's favor, we do not reach the sentencing issue.

The appellant's conviction is REVERSED, and this matter is REMANDED for further proceedings consistent with this disposition.